# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RIDDLE & ASSOCIATES, P.C.,  )

      Plaintiff,  )

v.  )

JUDITH A. KELLY,  )

      Defendant.  )



00C 6435

JUDGE MANNING

MAGISTRATE JUDGE LEVIN

**COMPLAINT**

Plaintiff, Riddle & Associates, by and through its attorneys, complains against the

Defendant, Judith A. Kelly, as follows:

DOCKETED

OCT 18 2000

### Parties, Jurisdiction and Venue

1.    Plaintiff, Riddle & Associates, P.C. ("Riddle"), is a professional corporation

incorporated under the laws of the State of Utah which operates as a law firm specializing in debt

collection.  It maintains its principal offices at 11778 South Election Drive, Suite 240, Draper,

UT 84020-6808.

2.    Defendant, Judith A. Kelly ("Kelly"), is an individual who, upon information and

belief, resides at 942 ½ S. Washington Avenue, Kankakee, Illinois 60901.  Kelly, by and through

her attorneys, has threatened to sue Riddle for an alleged violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.    Edelman, Combs & Latturner ("Edelman") is a partnership formed under the laws

of the State of Illinois, which maintains its principal offices at 120 South LaSalle Street, 18th

Floor, Chicago, Illinois 60603.  Daniel A. Edelman is an attorney and a partner in said firm.

Edelman, on behalf of its client Kelly, has threatened to sue Riddle for an alleged violation of the FDCPA.

4.      Riddle brings this action for the purpose of obtaining a judicial declaration that its debt collection letter does not violate the FDCPA.

5.      This Court has subject matter jurisdiction over this matter from the Declaratory Judgment Act, 28 U.S.C. § 2201, and because the Defendant has threatened to assert claims against Riddle arising under the FDCPA, 15 U.S.C. § 1692 et seq., over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b), because a substantial part of the events giving rise to this claim occurred in this District.

**Factual Allegations**

7.      On or about September 29, 2000, Riddle received a demand letter from Edelman dated August 17, 2000.  (A copy of the letter is attached as Exhibit A.)  In the letter, Edelman alleged that a debt collection letter which Riddle sent to Kelly violated the FDCPA because it "contradicts and overshadows" Kelly's statutory right to dispute the debt.  Edelman then demanded $1000 in "statutory damages" for Kelly and another $2000 in fees for itself, and advised that it had been retained by Kelly "to file suit" if the demand was not met within 14 days.

8.      Riddle's letter is a nearly verbatim version of the "safe haven" debt collection letter which Chief Judge Posner of the United States Court of Appeals for the Seventh Circuit set forth in Bartlett v. Heibl, 128 F.3d 497, 501-02 (7th Cir. 1997).  Chief Judge Posner stated: "Debt collectors who want to avoid suits by disgruntled debtors standing on their statutory rights would be well advised to stick close to the form that we have drafted.  It will be a safe haven for them,

2

at least in the Seventh Circuit." Id. at 502. Riddle stuck to the form that the Seventh Circuit drafted. Thus, Riddle's letter does not violate the FDCPA.

9.      On October 4, 2000, counsel for Riddle sent Edelman a letter (a copy of which is attached as Exhibit B) explaining that Riddle's letter was fully compliant with the FDCPA and, in particular, the Seventh Circuit's "safe haven" form. Edelman has failed to respond.

### Basis for Declaratory Relief

10.     Defendant Kelly, by and through her attorneys, Edelman, has threatened to file suit against Riddle, alleging that Riddle's debt collection letter violates the FDCPA. Thus, an actual controversy regarding Riddle's debt collection letter exists.

11.     Riddle uses this debt collection letter in many of its debt collection activities within this Circuit. Judicial review of the letter will provide guidance for Riddle and other debt collectors regarding the proper applicability of the Seventh Circuit's "safe haven" letter. Judicial review will also potentially dissuade attorneys from erroneously and vexatiously threatening to file suit against debt collectors who are fully compliant with the FDCPA.

12.     This Court is empowered under 28 U.S.C. § 2201 to provide the declaratory relief sought by Riddle.

3

WHEREFORE, Riddle respectfully requests the entry of a judgment: (1) declaring that the debt collection letter sent to Kelly complies with the FDCPA, and does not contradict, confuse or overshadow the debtor's right to dispute the debt; (2) awarding Riddle the costs and fees incurred in prosecuting this action, including reasonable attorney's fees; and (3) providing such further relief as this Court deems just and proper.

Dated: October 17, 2000

Respectfully submitted,

RIDDLE & ASSOCIATES, P.C.

By: _____
One of Its Attorneys

David L. Hartsell
ROSS & HARDIES
150 N. Michigan Avenue
Suite 2500
Chicago, Illinois 60601-7567
(312) 558-1000

4

LAW OFFICES
**EDELMAN, COMBS & LATTURNER**
18TH FLOOR
120 SOUTH LASALLE STREET
CHICAGO, ILLINOIS 60603
(312) 739-4200
FAX (312) 419-0379

RECEIVED

SEP 2 9 2000

Jesse Riddle & Associates

August 17, 2000

**Via Certified & Regular U.S. Mail**
Riddle & Associates
8649 S. 1300 E.
Sandy, UT 84091

291 2475

Re:     **Claim and Notice of Lien, Judith A. Kelly / Riddle & Associates**
        **Our File No. 5994**

To Whom It May Concern:

Please be advised that we have been retained by the above client to file suit against you, and that we claim a lien upon any recovery for such amounts as a court may award.

Attached is a collection letter you sent to our client. In it, you make a demand for payment within 10 days, which contradicts and overshadows the debtor's rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g.

Plaintiff is willing to release her claim for $1,000 in statutory damages and $2,000 attorney's fees. Please advise us by no later than **August 31, 2000** if you wish to resolve this matter.

Sincerely,

Daniel A. Edelman

cc: Ms. Judith Kelly

I, Daniel A. Edelman, under penalty of perjury, as provided for by 28 U.S.C. §1746, certify that I had a copy of the foregoing document sent to the addressee by both certified and regular mail on August 17, 2000.

Daniel A. Edelman

Resent 9/27/00 to new address JL

**EXHIBIT**

A

# Riddle & Associates, P.C.
### *Attorneys & Counselors at Law*
### 1-800-225-5050

P.O. Box 1187
Sandy, UT 84091

REFERENCE #: 2654373                                               10-18-99
KELLY, JUDITH
942 1/2 S WASHINGTON AVE
KANKAKEE IL 60901

Our Client: EQUIFAX CHECK SERVICES HOLLYWOOD CASINO AURORA

*Please Return Top Portion With Payment*

Our law firm has been retained by the client above to collect from you the entire balance below.

| | |
|---|---|
| Check Number: | 116 |
| Check Date: | 06-12-99 |
| Merchandise/Service Amount: | 100.00 |
| Check Balance: | 100.00 |
| Statutory Recovery: | 25.00 |
| Settlement Amount: | 125.00 |

If you want to resolve this matter without a law suit, you must, within one week, either pay the balance that you owe (unless it has already been paid) or call our firm at 1-800-225-5050 and work out arrangements for payment. If you do neither of these things, our client will be entitled to file a law suit against you for the collection of this debt. No decision has been made to file a law suit. If legal action is taken and a law suit is filed, it will be handled by an attorney licensed in your state.

Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, we will assume that it is valid. If you do dispute it—by notifying our firm in writing to that effect—we will, as required by law, obtain and mail to you proof of the debt. And, if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

The law does not require our client to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires our firm to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

We can be reached at 1-800-225-5050 or you may send your payment to:

Riddle & Associates, P.C.
P.O. Box 1187
Sandy, UT 84091

CBLK                365e99

LAW OFFICES

# ROSS & HARDIES

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

150 NORTH MICHIGAN AVENUE

CHICAGO, ILLINOIS 60601-7567

312-558-1000

FAX
312-750-8600

WRITER'S DIRECT LINE: (312) 750-8898
WRITER'S DIRECT FAX: (312) 920-6766
WRITER'S EMAIL: david.hartsell@rosshardies.com

PARK AVENUE TOWER
65 EAST 55TH STREET
NEW YORK, NEW YORK 10022-3219
212-421-5555

888 SIXTEENTH STREET, N.W.
WASHINGTON, D.C. 20006-4103
202-296-8600

DAVID L. HARTSELL

October 4, 2000

Mr. Daniel A. Edelman
Edelman, Combs & Latturner
120 South LaSalle Street
18th Floor
Chicago, Illinois 60603

Re:  **Judith A. Kelly v. Riddle & Associates**

Dear Mr. Edelman:

We represent Riddle & Associates with respect to your demand letter of August 17, 2000 regarding the above. In that letter, you claim that our client sent your client a collection letter which "contradicts and overshadows" her right to dispute the debt under Section 1692g of the FDCPA, and demand $1000 in statutory damages and another $2000 in attorneys fees. You further state that you have been retained to file suit in the event we fail to meet your demand.

Your demand is rejected. Surely you are familiar with Bartlett v. Heibl, 128 F.3d 497, 501-02 (7th Cir. 1997), in which Chief Judge Posner drafted a "safe harbor" collection letter designed to avoid the very claim you are asserting here. If you had read Riddle's letter with any care, you would most see that it is virtually identical to Judge Posner's "safe harbor" letter. (In fact, it's pretty obvious you didn't read the letter, because you claim that the letter contains a demand for payment "within 10 days" when, in fact, the letter says "within one week.") We find it difficult to believe that this is an honest mistake, coming from such an experienced FDCPA practitioner as yourself. We also reject your claim that you have incurred $2000 in attorneys fees for, at most, reviewing a one-page collection letter and then writing a three-paragraph demand letter. Be advised that if you file suit over this matter, we will most assuredly seek sanctions, pursuant to Section 1692k(a)(3) as well as such other grounds as may be applicable, on the grounds that such suit was brought in bad faith and for purposes of harassment.

We believe that your letter to Riddle is what gives rise to a cause of action, not the other way around. Therefore, our client demands that you reimburse them for our attorneys fees and costs incurred herein, in the amount of $500. Please be advised that if we do not receive

31881\00021\CH142187.WPD 1



EXHIBIT

B

October 4, 2000
Page 2

payment from you within one week of the date of this letter, our client will pursue their rights through all legally available means.

Sincerely,

David L. Hartsell

cc: Jesse L. Riddle

Civil Cover Sheet                                                                 Page 1 of 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

## Civil Cover Sheet    00C  6435

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s): Riddle & Associates, P.C.** | **Defendant(s): Judith A. Kelly** |
| County of Residence: Salt Lake, Utah | County of Residence: |
| Plaintiff's Atty: David L. Hartsell<br>Ross & Hardies<br>150 N. Michigan Ave., Suite 2500, Chicago, IL 60601-7567<br>(312) 558-1000 | Defendant's Atty: Daniel A. Edelman<br>Edelman, Combs & Latturner<br>120 S. LaSalle St., 18th Floor, Chicago, IL 60603<br>(312) 739-4200 |

II. Basis of Jurisdiction:        **3. Federal Question (U.S. not a party)**

III. Citizenship of Principle Parties **(Diversity Cases Only)**

        Plaintiff:- **N/A**

        Defendant:- **N/A**

**JUDGE MANNING**

**MAGISTRATE JUDGE LEVIN**

IV. Origin :        **1. Original Proceeding**

V. Nature of Suit:        **890 Other Statutory Actions**

VI. Cause of Action:        **Plaintiff seeks a judicial declaration under 28 U.S.C. Sec. 2201 that its debt collection letter does not violate the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692 et seq.**

VII. Requested in Complaint

    Class Action: **No**

    Dollar Demand: **Judicial declaration that debt collection letter does not violate the Fair Debt Collection Practices Act**

    Jury Demand: **No**

VIII. This case **Is NOT** a refiling of a previously dismissed case. (If yes case number ___ by Judge ___)

Signature:

Date: 10/17/00

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Riddle & Associates, P.C.

v.

Judith A. Kelly

**00C 6435**

Case Number:

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Riddle & Associates, P.C., Plaintiff

**JUDGE MANNING**

**MAGISTRATE JUDGE LEVIN**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME David L. Hartsell | NAME Scott S. Becvar |
| FIRM Ross & Hardies | FIRM Same as (A) |
| STREET ADDRESS 150 N. Michigan Ave., Suite 2500 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60601-7567 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (312) 750-8898  FAX No. (312) 920-6766 | TELEPHONE NUMBER (312) 750-8932  FAX No. (312) 920-0330 |
| E-MAIL ADDRESS david.hartsell@rosshardies.com | E-MAIL ADDRESS scott.becvar@rosshardies.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6192380 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6228827 |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☒ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER  FAX No. | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

OCT 18 2000