# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 c 6435 | **DATE** | September 28, 2001 |
| **CASE TITLE** | Riddle & Associates v. Kelley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiff's motion for summary judgment on its complaint seeking declaratory judgment is GRANTED [78-1]. Plaintiff's motion for summary judgment on defendant's counterclaim is DENIED. Plaintiff's attorneys' motion to dismiss themselves is GRANTED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 28 2001 date docketed | |
| | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP 28 PM 2:54 | date mailed notice | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RIDDLE & ASSOCIATES, P.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUDITH A. KELLEY, ) <br> ) <br> Defendant. ) <br> ——————————————— ) <br> ) <br> JUDITH A. KELLEY, ) <br> ) <br> Counterclaimant ) <br> ) <br> v. ) <br> ) <br> RIDDLE & ASSOCIATES, P.C., ) <br> DAVID L. HARTSELL and ) <br> ROSS & HARDIES, ) <br> ) <br> Counterdefendants. ) | 00 c 6435 <br><br> DOCKETED <br> SEP 2 8 2001 |

## MEMORANDUM OPINION AND ORDER

**BLANCHE M. MANNING, District Judge:**

Plaintiff Counter-defendant Riddle & Associates, P.C. ("Riddle") filed a complaint seeking declaratory judgment under 28 U.S.C. § 2201. Specifically, it seeks a declaration that the debt collection letter it sent to defendant counter-plaintiff Judith A. Kelley did not violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et. seq.

Kelley has counterclaimed against Riddle, Ross & Hardies ("R&H"), the Chicago law firm representing Riddle, and David L. Hartsell, one of its attorneys. The counterclaim alleges

31

that Riddle's collection letter violates 15 U.S.C. §§1692e(5) &(10), and/or 1692g of the FDCPA because it made a false threat to sue her to collect the debt.

Riddle moves for summary judgment under Federal Rule of Civil Procedure 56(c). Riddle argues for summary judgment on the declaratory judgment claim in its complaint, which requests a judicial declaration that the collection letter it sent Kelley does not violate the FDCPA. Riddle has also moved for summary judgment on Kelley's counterclaim. Defendants Hartsell and R&H move to dismiss Kelley's counterclaims against themselves pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Riddle's motion for summary judgment on its declaratory judgment claim is GRANTED; Riddle's motion for summary judgment on Kelley's counterclaim is DENIED; and Hartsell and R&H's motion to dismiss themselves from Kelley's counterclaim is GRANTED.

## I. *Standard for Ruling on a Motion for Summary Judgment*

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of showing that the record contains no genuine issue of fact. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). The burden then shifts to the non-movant to show through specific facts in the record that there is "a genuine issue for trial." *Id.* at 324. The court examines the record in the light most favorable to the non-moving party, but conclusory allegations without evidentiary support will not suffice. *See, Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir. 1999).

## II. *Standard for Ruling on a Motion to Dismiss under 12(b)(6)*

For purposes of a motion to dismiss under F.R.C.P. 12(b)(6), the court determines whether the plaintiff can prove any set of facts consistent with the allegations that would give him or her a right to relief. *See, Wudtke v. Davel,* 128 F.3d 1057, 1061 (7th Cir. 1997) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993)). While it is not necessary to specify legal theories in the complaint, the facts alleged must give adequate notice to the defendant of the basis of the lawsuit. *Id.* (citing *Sledd v. Lindsay,* 102 F.3d 282, 288-89 (7th Cir. 1996)). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McGrath v. City of Gary,* 976 F.2d 1026, 1031 (7th Cir. 1992); *Gillman v. Burlington Northern R.R. Co.,* 878 F.2d 1020, 1022 (7th Cir. 1989). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir. 1992).

## III. *Background*

On June 12, 1999, Kelley incurred a debt arising from a bad check she wrote aboard a riverboat casino in Aurora, Illinois. On October 18, 1999, Riddle, a Utah law firm specializing in debt collection, sent a collection letter to Kelley in connection with the bad check. The letter reads as follows:

> If you want to resolve this matter without a law suit, you must, within one week, either pay the balance that you owe (unless it has already been paid) or call our firm at 1-800-225-2020 and work out arrangements for payment. If you do

3

neither of these things, our client will be entitled to file a law suit against you for the collection of this debt. No decision has been made to file a law suit. If legal action is taken and a law suit is filed, it will be handled by an attorney licensed in your state.

Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, we will assume that it is valid. If you do dispute it-by notifying our firm in writing to that effect-we will, as required by law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

The law does not require our client to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires our firm to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

On August 17, 2000, Kelley's attorneys sent a letter to Riddle stating that "we have been retained . . . to file suit against you" because the collection letter contradicted and overshadowed Kelley's right to dispute the debt in violation of 15 U.S.C. § 1692(g). Further, the letter stated that Kelley would be willing to release her claim for $1,000 in statutory damages and $2,000 in attorney's fees.

On October 4, 2000, David L. Hartsell of Ross & Hardies ("R&H"), Riddle's legal counsel who are now each counter-defendants, responded to the August 17th letter from Kelley's lawyers. The letter stated that Riddle's collection letter to Kelley was "virtually identical" to the "safe harbor" language set forth in *Bartlett v. Heibl*, 128 F.3d 497, 501-02 (7th Cir. 1997) in which the Seventh Circuit drafted a model letter that it held would withstand FDCPA scrutiny in

4

its court. Thus, Hartsell rejected Kelley's offer to release her claims. In the letter, Hartsell also relayed a demand from Riddle, demanding that Kelley's lawyers reimburse Riddle for legal fees it incurred relating to the case.

On October 17, 2000, Riddle filed this declaratory judgment action seeking the court to find that the collection letter sent to Kelley complies with the FDCPA.

On October 18, 2000, Kelley filed a counterclaim against Riddle, Hartsell, and R&H The counterclaim contends that Riddle's letter violates the FDCPA because Riddle's "threat to file suit" against Kelley "was never intended to be carried out and was not in fact carried out."

On December 12, 2000, Riddle filed this motion for summary judgment.

**IV.** *Discussion*

Two questions arise in this case concerning whether Riddle's collection letter complies with the FDCPA. The first is whether Riddle's letter overshadowed, contradicted, or confused the debtor's right to contest the debt under 15 U.S.C. §1692g. The second question, which arises in Kelley's counterclaim is whether Riddle's letter violated 15 U.S.C. §§ 1692e(5) & (10) by falsely threatening to take action it had no intention of taking.

    **I.**    **Does Riddle's Letter Overshadow or Confuse Kelley's Rights under the FDCPA?**

Section 1692g(a) of the FDCPA requires a debt collector to, within five days after the initial communication with the consumer in connection with the collection of any debt, if the information is not contained in the original communication, send the consumer a written notice containing the following information:

5

(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt of a copy of a judgment against the consumer by the debt collector; (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different form the current creditor.

§§1692g(a)(1)-(5).

The debt collector is also obligated under § 1692g(b) to cease collection of the debt if the consumer notifies the debt collector in writing within the thirty-day period that the consumer is disputing all or part of the debt or is requesting the name and address of the original creditor. The debt collector is only required to cease collection until the requested information is mailed to the consumer. *Id.*

The Seventh Circuit holds that it is "implicit" that a debt collector may not defeat the statute's purpose by making the required disclosures in such a manner that they are unlikely to be understood by the unsophisticated debtors for whom the FDCPA's protections are intended. *See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997).*

In *Bartlett*, the Seventh Circuit drafted a model letter "as safe harbor for debt collectors who want to avoid liability" in the same situation that Riddle now finds itself. The "safe harbor" letter states in relevant part:

> If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay [name of creditor and dollar amount] against the balance that you owe (unless you've paid it since your last statement) or call [name of creditor] at 1-800-221-5920 ext. 6130 and work out arrangements for payment with it. If you do neither of these things, I will be entitled to file a

6

lawsuit against you, for the collection of this debt, when the week is over.

Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it – by notifying me in writing to that effect – I will, as required by the law, obtain and mail to you the proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor [name of creditor], I will furnish you with that information too.

The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

*Id.* at 502.

The safe harbor letter set forth by *Bartlett* was to provide debt collectors with language which they could use in collection letters that set forth the debtor's rights and the debt collector's rights, without confusing the unsophisticated consumer. *See generally, Id.* The *Bartlett* court concluded that "[d]ebt collectors who want to avoid suits by disgruntled debtors standing on their statutory rights [the FDCPA] would be well advised to stick close to the form that we have drafted. It will be a safe haven for them, at least in the Seventh Circuit." *Id.* at 502.

The collection letter Riddle sent to Kelley "sticks close" to the "safe harbor" letter in *Bartlett*. In fact, it is virtually identical. Since the collection letter was patterned after the "safe harbor" language in *Bartlett,* the court holds that it did not overshadow or confuse Kelley's rights under the FDCPA.

7

## II. Does Riddle's Letter Make False or Misleading Representations?

In her counterclaim, Kelley contends that Riddle's letter violated §§1692e(5) &(10) of the FDCPA because it threatened a lawsuit when Riddle actually had no intention of filing one.

Kelley is quick to note that the safe-harbor letter in *Bartlett* does not apply in this instance because the Seventh Circuit was not confronted with claims under § 1692(e). *See Bartlett*, 128 F.3d at 501, see also, *Powell v. Messineo*, 2001 U.S. Dist. LEXIS 1594 *2-3 (January 11, 2001 N.D.Ill.)(The *Bartlett* decision specifically provided, however, that the safe harbor letter would only protect against challenges based on the provisions of the FDCPA at issue in the case).

Section 1692e of the FDCPA prevents debt collectors from making empty threats of litigation. Section 1692e provides that a debt collector is prohibited from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt, including but not limited to . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer . . ."

Kelley alleges in her counterclaim that Riddle is renowned for making hollow threats of litigation all across the nation. However, Kelley also contends that the policy of Riddle is not to file suits to collect debts. She alleges that Riddle threatened her with litigation even though it never intended to sue. This is the basis of Kelley's counterclaim under § 1692e(5) & (10).

For a collection letter to threaten legal action under §1692e(5), "it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *Jenkins v. Union Corp.*, 999 F.Supp. 1120, 1136 (N.D.Ill. 1998).

Further, "courts have found litigation threats even in indirect or oblique statements, provided that they imply legal action is underway or contemplated in the near future." *Id.*

The letter Riddle sent to Kelley tells her that "[i]f you want to resolve this matter without a law suit, you must, within one week, either pay the balance that you owe . . .," but in the same paragraph it also states that, "[n]o decision has been made to file a law suit. If legal action is taken and a law suit is filed, it will be handled by an attorney licensed in your state." The first statement in the paragraph certainly implies that a lawsuit is a certainty or imminent. The second statement retreats from that implication and states that no decision to take legal action has been made.

The court views "threat to take legal action" through the eyes of the unsophisticated consumer. *Id., citing, United States v. Nat'l Fin. Servs., Inc.,* 98 F.3d 131, 136 (4th Cir. 1996). Yet, the court is mindful that collection letters should be read in its entirety and as a whole – not in discrete passages. *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 42 F.Supp.2d 797, 809 (N.D.Ill. 1999); *Keen v. Omnibus Int'l, Inc.,* 1998 WL 485682 at *3 (N.D.Ill. Aug.12, 1998).

The court concludes that there remains a genuine issue for trial on whether the letter, viewed from an unsophisticated consumer's perspective, communicates that legal action is imminent. Although the letter states that "no decision has been made to file a law suit," the fact remains that the very first sentence of the letter informs states "[I]f you want to resolve the matter without a law suit, you must, within one week, either pay the balance that you owe . . ." The unsophisticated consumer could read the entirety of the letter and conclude that, while he/she has not yet been sued, he/she will be in a week. Therefore, the threat of an imminent suit looms from a reading of the letter. Put another way, Riddle's statement in the letter that it had not yet

9

decided to file suit is not a curative as it suggests, because an unsophisticated consumer could reasonably conclude that a lawsuit was only a week away.

### III. Motion to Dismiss by R&H and Hartsell

Hartsell and R&H seek to have themselves dismissed from Kelley's counterclaim. The counterclaim alleges that the attorneys' fees Riddle demanded from Kelley's lawyers in the October 4, 2000 letter was an attempt to collect a debt from Kelley. Thus, they allege that Hartsell and R&H are liable under the FDCPA for attempting to collect a debt. Kelley cites to 15 U.S.C. § 1692a(5) which defines debt as

> "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or service, which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

15 U.S.C. § 1692a(5)

Kelley's counterclaim against Hartsell and R&H fails to state a claim. The court will pass on the discussion the parties engage into over what qualifies as a debt under the FDCPA. A plain reading of the October 4 shows that Hartsell and R&H made a demand on Kelley's lawyers, not on K herself. Therefore, the counterclaim against Hartsell and R&H fail to state a claim and are dismissed.

10

## CONCLUSION

For the reasons set forth above, Riddle's motion for summary judgment on its declaratory judgment count is GRANTED. Riddle's motion for summary judgment on the counterclaim is DENIED. Hartsell an Ross and Hardies' motion to dismiss themselves from Kelley's counterclaim is GRANTED. IT IS SO ORDERED.

_Blanche M. Manning_
Blanche M. Manning, U.S.D.J.

**Dated:**